The last case this morning is 416-0936, People v. Nolen. For the appellant is Yoon Sun Nam. Is that correct? Yes. Lucky guess. And for the appellate, Timothy Hondrigan. Ms. Nam, you may proceed. Thank you, Mr. Court. Counsel. Assistant appellate defender Yoon Sun Nam on behalf of Mr. Nolen. Mr. Nolen appeals a second stage dismissal of his pro se post-condition petition. There are two issues in the briefs. The focus today will be on the first argument as to whether this court should reverse Merlion for further second stage proceedings where the trial court erred in denying Mr. Nolen his statutory right to use his dismissal post-condition counsel by erroneously allowing post-condition counsel to withdraw on his case. To outline for this court the argument today or the focus, first I want to address that the Keener standard applies, not the Greer standard. Second, I want to address some factual points that show that post-condition counsel failed to address all of the contentions that Mr. Nolen alleged in his pro se post-condition petition, the amendment, and the affidavits. And lastly, because of the implications where Mr. Nolen lost his statutory right to the assistance of counsel at the second stage, Mr. Nolen asked that this court find the trial court needed to evaluate the post-condition counsel's motion to withdraw and the conclusions therein before it allowed counsel to withdraw. So first, the Keener standard should apply, not Greer. This isn't a case where an investigation lapsed and Mr. Nolen's petition was moved on to the second stage by default. Here we have Mr. Nolen's first petition is a pro se petition. There's no assistance by anyone in that petition. However, there's an amended petition where the trial counsel appears on the record, so it seems that trial counsel is now assisting him. But merely, it seems like trial counsel just typed up his petition so it was easier to read, easier to look at. Thereafter, trial counsel appears on the record signing some documents and filing them with the courts. So it isn't like Greer where the post-conviction attorney is the first attorney or the first person to lay eyes on the pro se documents. Trial counsel actually signs off on, I think, the March 21st and 25th pleadings. Further, the state actually seems to have looked at the petition and informs the trial court, hey, in fact, there are constitutional violations alleged in the petition. So Mr. Nolen asserts that the CUNYR standard should apply, not Greer. And Mr. Nolen also asked his court to look at the 5th District's case, the O.B. Johnson. It's pretty similar where in Johnson, the defendant filed a 214.01 petition and then the trial court appoints an attorney on the case. Thereafter, the defendant states that, or the defendant does not amend his 214.01 petition and files a post-conviction petition. The 214.01 counsel remains on the case and says, okay, well, I have to amend my motion to withdraw because now it's a post-conviction petition. And thereafter, well, not exactly like this case, but in this case, the trial attorney has to withdraw because of the allegations of ineffective assistance of trial counsel in the pro se post-conviction petition. But in Johnson, the trial court actually just asks the defendant, hey, you filed a motion to withdraw before. Do you still want to amend your case for the post-conviction petition? The defendant there says no and counsel is allowed to withdraw. And then at that point, like in this case, the trial court inquires the state about how to proceed. And like this case, the trial court ends up appointing a new post-conviction counsel. Thus, we assert that the Kuehner standard should apply, unless there's any questions. The next point is that a post-conviction counsel's motion to withdraw failed to include all of the claims, as our Supreme Court stated in Kuehner, that the attorney has to. Specifically, Mr. Noland wants to point out to this court post-conviction counsel's Rule 651C certificate. It's compliant, spatially it's compliant, but there's numerous instances on the record where post-conviction counsel's certificates were vetted. First, Mr. Noland states multiple times on the record, post-conviction counsel didn't conform with Rule 651C. I thought he was supposed to work on this, I thought he was supposed to gather documents. He didn't do such things. So I think there's three instances. There's two in the report preceding file number 31 and 32, and then in the motion reconsider. Further, in post-conviction counsel's motion to withdraw, counsel actually lays out all of the pleadings that counsel actually reviewed. And here, admittedly, Mr. Noland filed multiple pleadings, but on the May 2, 2014 date, trial counsel had come before the court and asked the court to accept all of these amendments, or amended affidavits, but post-conviction counsel's motion fails to include the March 25 amendments to the second amended post-conviction petition. That by itself shows that counsel didn't do what he alleged in the certificate. In the certificate, specifically, I believe on page C338, counsel says it reviewed all of the post-conviction pleadings that were filed, the trial record, all that stuff, but that March 25 amendment is not in his motion to withdraw. Further, the post-conviction counsel's motion to withdraw specifically says, or explicitly says, Mr. Noland's post-conviction filings do not name any other witnesses other than Michael Lightfoot. And Michael Lightfoot's a big character in this case. But that's clearly rebutted by Mr. Noland's March 25 filing that wasn't included in that motion, where he names Ashanti Rhea and Tashina Noland on page 289. Further, the certificate says that post-conviction counsel gave Mr. Noland all the pleadings that were in the record. That's on page 289. But after the trial court allowed Mr. Noland to withdraw, immediately thereafter, Mr. Noland tells the trial court, Hey, I didn't get the state's motion to dismiss. I never got it. The state says we filed it a year ago. But the trial court doesn't really inquire into that, and post-conviction counsel doesn't say anything because he's withdrawn. But the trial court just tells Mr. Noland, Okay, fine. I'll have post-conviction counsel send you everything. But that's after post-conviction counsel had already withdrawn and he lost his statutory right to counsel at the second stage. And as the court in Johnson in the district states, the second stage, as we know, is a higher burden on the petitioner, on the defendant. There's a higher standard of duty. There has to be more documents, affidavits, all that stuff has to be attached. Thus, that right, that statutory right to the assistance of post-conviction counsel is so important. Second, I know I mentioned Ashanti Beah and Tishina Noldan, but those are specific names that appear in his pleadings that doesn't ever appear in a post-conviction counsel's motion. So you think his motion to be adequate under Keener had to address that? Yes, Your Honor. Under Keener, this is a specific claim of ineffective assistance that the trial attorney didn't interview this witness, these two named individuals. That's a major constitutional claim under ineffective assistance of the trial counsel. And where the post-conviction counsel's motion to withdraw doesn't state these names, but instead says that there are no other witnesses alleged. And this is in Mr. Noldan's affidavit, so we assert that this is a major issue, a critical issue that was addressed. Further, just to point out some facts here, Michael Lightfoot, the character that comes out, or the individual that comes out a lot in this case, supposedly sent post-conviction counsel a letter regarding his involvement. We don't know exactly what was stated in the letter, but Michael Lightfoot actually came up another time in the pro-state pleadings where supposedly trial counsel lost a letter prior to trial where Michael Lightfoot admitted his involvement. There's a specific allegation in his pro-state pleadings stating that Mr. Lightfoot sent trial counsel a letter. Trial counsel's law clerk lost it, and the law clerk was fired, and trial counsel told me this. But that also doesn't show up in post-conviction counsel's motion to withdraw. And this is another big, important issue of ineffective assistance of counsel. Further, post-conviction counsel states that he sent Mr. Lightfoot an affidavit. He didn't know if it was going to be important or significant to the case or not, but he sent an affidavit. But unfortunately, that first affidavit that was sent was returned because post-conviction counsel didn't realize that he moved facilities or that he changed facilities. We don't know when it was returned, but post-conviction counsel tells the trial court on the day of the hearing where he's withdrawing that, hey, I think I sent another affidavit two weeks ago. It hasn't come back yet. But as this court knows, it's the prison mail system. We don't know exactly if it was a full two weeks when he sent it out. We don't know if Mr. Lightfoot is in segregation or maybe he moved again. We just haven't gotten the envelope returned yet. So I know post-conviction counsel stated that he did his due diligence, but two weeks before the hearing where he's withdrawing, I think that actually shows a lot in this case. So unless there's any other questions, I'm moving on to my third point. The trial court, according to Johnson, should have made a finding. It needed to evaluate post-conviction counsel's motion, make sure that, in fact, all the things were frivolous or apparently without merit before allowing post-conviction counsel to withdraw. Once again, because the implications are so great. Once counsel withdrew, Mr. Nolden repeatedly told the court, I want another attorney. I want to try to hire one. But we know that Mr. Nolden doesn't have money because in the record, there's a specific statement by Mr. Nolden that he was trying to get into the law library, but he didn't have money. And they needed money to get into the law library. So we know that he doesn't have an attorney or he doesn't have money to hire an attorney. And he continuously wanted a new attorney. Thus, we ask this court to agree with or follow the Fifth District in Johnson, stating that the trial court needs to make a finding in the record or at least show that they considered all of the conclusions by post-conviction counsel in that motion to withdraw before allowing counsel to withdraw. In conclusion, because the trial court erred on post-conviction counsel to withdraw when post-conviction counsel didn't address all of the allegations pursuant to CUNR, the private Mr. Nolden of a statutory right to the assistance of counsel in second-stage post-conviction proceedings. We ask this court to reverse and amend further second-stage proceedings at the appointment of the counsel. Thank you, counsel. Mr. Lendrigan? Thank you, Your Honor. May it please the court? Counsel. Counsel. I suppose the first issue is whether or not the court ought to apply CUNR. Is that how you say that? I think CUNR. CUNR. I'll go with CUNR. And the reason that I initially brought this up is because I think this is a really unique set of circumstances, somewhat similar to the Fifth District's decision in Johnson in the trial court's unique set of facts. And that is, apparently, I'm not even sure we have a pro se petition here. Trial counsel is still involved to some extent. Mr. Costello is assisting Mr. Fender in preparing his post-conviction petition. I don't know how. I don't know why. But apparently he's there. Well, I think the explanation is it's Mike Costello. Yeah. Do you know Mike? Okay. Oh, yes. I know that some of us have the pleasure. I don't know that any further explanation is required. Okay. Outside the record. And he's filing a motion to withdraw. I'm like, Mike didn't even engage in the first place. Let me ask you this. I think we have to deem this a pro se petition because ultimately we have other counsel appointed who's representing this defendant at the second stage. If the state had not suggested, yeah, you ought to go to the second stage here, whatever they did, and there had been no involvement at all, which is the norm, and the trial court looks over this PC and we don't have Mike Costello's involvement such as it is, it moves to the second stage, the same petition. Is there any question that Keener would apply? I assume they would move to the second stage within 90 days. Right. If Keener applies, isn't Ms. Lamb correct that under Keener, the post-conviction counsel has to explain, provide facts on why there's no basis to the claim the defendant made pro se in the petition about these witnesses who might have been important or exculpatory in some fashion? I don't find the distinction between Keener and me all that different. Well, just as Thomas said, in italics you have to provide facts. Well, I think the whole thing that I'm reading here, appointed counsel owes the trial court at least some explanation as to why, despite the superficial virtue, the pro se petition is, in fact, the post-conviction counsel didn't address these witnesses at all. He didn't specifically mention two witnesses' names, but I think he addressed the issues that were raised by the defendant, assuming we're even understanding what this guy is saying. Well, here's the problem. In the legislature, we'd say it's a point of personal privilege and all that. I'm the guy who wrote Keener that was reversed by the Supreme Court. So, it seems to me that we have to salute smartly and say, well, the Supreme Court said my assessment was wrong, and we have to follow what it says now. I don't know if they specifically reviewed the reasoning, so it just kind of went a different direction on review. A generous assessment. I don't see it necessarily as reviewing the line of reasoning so much as they were concentrating on other areas of concern. However, whether we look at Greer or whether we look at Keener, I think this petition is exemplary. I mean, the appointed counsel has a multi-page, in-depth analysis of what is an incomprehensible post-conviction petition. And, I mean, how many times does this guy go to re-file something? How many of these petitions has counsel... I mean, it's been suggested that I was mistaken in reply to Greer because I characterized something as close as the most recent post-conviction petition. And perhaps I did. I don't know. I was so confused by the entire thing. I don't know what's going on there. Multiple filings. I don't know who's filing them. They keep attaching previous stuff, and they ask you to adopt. It's a mess. Wouldn't it be easier to just say, Yeah, we're ready. Let's have a hearing. Sometimes, you know, I'm assuming that... Don't make a motion to withdraw. Well, I've got to think counsel thought he was required to do so. I think he did a very good job in attempting to meet the criteria discussed in Keener. And I think he did. Well, Keener hadn't been decided when he wrote his motion. True. So I can't fault counsel, but there we are. Right. And there's no argument that it does apply. If, in fact, you're over-assuming, of course, that this is a post-conviction petition and the trial court actually read it before appointing counsel, which I think the record suggests otherwise, but let's move on and we'll assume, for purposes of argument here, the court actually did read it. The court decided that it was not patently frivolous or over-the-top there. I think the distinction finding that it has a quality of evidence. But... Isn't the state in an awkward position to make that argument, given that at trial the state said, Oh, yeah, it goes to the second stage. Is it racist or a constitutional issue? Well, no, I mean, haven't you... It's a constitutional issue. It's a post-conviction petition. Haven't you... Hasn't the state forfeited the claim by, indeed, waived the claim since it was acquiescent in the request that it should go to the second stage? I suggest the state has no position. Why do you think not? I don't know. You know, this whole thing between the states showing up and Mike Costello showing up, I'm wondering what... Where is this courtroom? What's going on here? I'm with you. Okay. This is not how it's supposed to happen. No. And that's what I'm saying. I don't know what pigeonhole this falls into because this... Well, but it is an inconsistent position, isn't that, with the states arguing here that there's... It doesn't really have enough to go to the second stage at the trial level, even though the state shouldn't have been there. Nonetheless, it was there. The prosecution says, Oh, yeah, let's go to the second stage here. It's a constitutional matter. Well, you're assuming that by suggesting that the court appointed counsel that the state is conceding that the petitioner is not exactly frivolous without merit, and I would suggest that's not true. What the state is doing, I have no idea. Why are they there? That's a good point, Mr. Londrigan. Why are they talking to the court? I don't know. But of course this is of constitutional magnitude or it would not be a constitutional petition. So all they're doing is reciting the obvious. Why did the court act upon that? It does not appear as though the court reviewed this document and found it to be not patently frivolous without merit. Nevertheless, I think that appointed counsel did address every single issue. And what I find alarming is that we're discussing what was and what was not done by appointed counsel without ever getting to the merits of what we're even talking about here. I mean, assuming that you can understand this petition, which I think is a leap of faith, he mentioned two names other than Mr. Lightfoot. Mr. Lightfoot was addressed by appointed counsel. The other two names, Ashanti Byock. What did he suggest that she knew? Absolutely nothing. I mean, I don't care. Her name's in there. But it is patently frivolous without merit. But that's an argument that the trial court aired by moving it to the second stage. And the Supreme Court says that ain't the issue for us. Well, I think what the court is suggesting is that in making a motion to withdraw, the counsel is required to address those issues that are actually raised, issues that could be concerned. And this is not one. I mean, this woman was unavailable. He admits it in his own statement. She was in labor and unable to testify. End of story. Even assuming she could testify. She knew nothing except an admissible hearsay. End of story. This is not an allegation that wouldn't get this court's attention or the trial court's attention, for that matter. And the suggestion of Kishon Lowden. She's a victim. A victim of what? And she should have been investigated for her veracity. What's he talking about? I mean, you can't address issues that obviously make no sense? I mean, I... But you've just done what we would have expected counsel to do in addressing the issues. And I'm not saying he didn't, Judge, but perhaps he did in a more polite fashion. You know, he may have suggested in a generalized sense that... They're non-issues. Yes. Allegations that trial counsel had acted inappropriately by not addressing these particular issues had no foundation and were not worthy of his continued involvement in the case. And that there was nothing. After discussing all issues with this defendant, which is what he's only required to do, talk to the defendant, read the pleadings, read the record, and then make an amendment to the pleadings. That's all he's required to do. That is what he did. But this ruling in Keener, are we still there? Are we not now required to do more? We're required to... I mean, I follow your argument. It seems the goalposts got moved a little bit on post-conviction counsel. Perhaps. Obviously, he was not aware of Keener's goal to get the patent as well. But nevertheless, I think it just shows how overboard he was going in the first instance. I mean, he more than meets the standard in Keener. And, you know, I believe that he meets the standard in Keener. And what we're supposed to do in Keener is just bring to the court's attention any legitimate issue raised by this gentleman and address whether or not it has any... Why convince the court, similar to the motion for reconsideration, as to why the court's initial evaluation was mistaken. And if the court did have an initial evaluation, I don't think that she looked at it very carefully. And I think that appointed counsel did. He did what he was asked to do. Required to do by law. And he explained to the court why there wasn't a reasonable basis for his continued involvement in this case. What I think is additionally odd, though, and I kind of like the Johnson case for this, why didn't the court dismiss or find that it was patently frivolous to dismiss it at that point? Why does this signal on for another year or more on a pro se basis? I mean, if she's going to let counsel out, and she agreed at that time that it was patently frivolous and without merit, she must have, because that's the obvious conclusion of the motion. So she should have dismissed the motion at that time. But she didn't. She bent over backwards as well to allow this defendant ample opportunity to advise the court of something she might have missed, to bring in any additional evidence that perhaps appointed counsel missed, and to make whatever arguments could possibly be made. So, I mean, we've given this guy an unbelievable opportunity, countless opportunities, to raise some justiciable issue, which is worthy of review in a post-conviction petition, and he has failed to do so. This is a gross waste of everyone's time. Who has the burden here presenting something worthy of taking a look at? And it has to be the defendant. He was given an opportunity to clean it up, to present it in an equitable fashion, and counsel couldn't do it. And I think that's where we are. And with regard to the Custer decision, should we start having practical hearings in post-conviction petitions? You know, I guess the Supreme Court's going to tell us that the case is under review. It's not yet decided. I'm aware of it. I tried to find it yesterday. So I'm assuming it's still being decided. But the decision, in and of itself, very clearly limits itself to application of the third state's interventional proceedings in post-conviction petitions, which we do not have here. This is a second state. We had no interventional proceedings. And the whole purpose of a practical hearing in the first court is to decide whether or not the current counsel needs to be replaced, because to ask him to continue the capacity of counsel would conflict him, because he would be required to argue that he himself is incompetent in his trial representation. But clearly, we do not have that issue here. The appointed counsel was allowed to withdraw. He clearly met his obligations pursuant to law. He filed his application. It's clear from the record he met his prescribed legal obligations. So what is the point now, a year and a half after the dismissal of appointed counsel, if you're in a practical hearing? And I think you have to actually be very specific and clear that you're making an incompetency of counsel or an objection of counsel. And I don't believe the defendant did that. The defendant initially was asking for, I thought, this guy was supposed to assist me in doing this or that. He wasn't there. That's not the obligation of his counsel. He doesn't have the obligation to investigate. Does that raise questions of incompetency of counsel? I don't believe so. I think the case law is clear. You have to specifically raise that issue. I don't think he did until his motion for reconsideration a year and a half after his counsel was discharged. However, even so, even if he did raise it, I don't think it grant both sides to a second-stage proceeding or post-conviction petition, because it does not address the concerns of the court. And I fully expect the Supreme Court to rule that it doesn't apply in third-stage proceedings either, because counsel's obligations are clearly prescribed by statute. This court and the trial court are able to determine whether or not, on the record, appointed counsel met his legal obligations. And a correctful hearing is unnecessary for those reasons. The court has no further questions. No? Thank you, counsel. Ms. Nair, any rebuttal? Yes, Mr. Speaker, Your Honor. Mr. Senator, as your Honor stated, the tutor does point out that the attorney, the post-conviction attorney and tutor, filed a very detailed motion to withdraw, but that was still not enough. I think that still applies here. Even if post-conviction counsel, Mr. Nolan's case, filed a multi-page motion to withdraw, that's not enough if it doesn't include every allegation of ineffective assistance to trial counsel. And here it was stating that there's at least two. Counsel specifically didn't mention that March 25th pleading, even though the certificate says he considered and reviewed everything. So as I stated before, I believe counsel's motion to withdraw, counsel's certificate, 651 certificate, is specifically rebutted by the record. Counsel, let me ask you a question. What about Mr. Lonergan's argument that it's there, the fact that post-conviction counsel considered these two other witnesses, there's nothing there in terms of a real culpable issue, but that somewhere within the text we can find that it was considered. Do you have any response to that? Well, there's nothing in his motion that states it was considered. Even at the motion to withdraw hearing, he states that the only witness is Michael Lightfoot. I've considered it, I've written it in the motion. Michael Lightfoot is the only witness that pops up in the motion. And these two witnesses, I think this states kind of doing post-conviction counsel's job for him. He should have put that in. If that was truly the issue, where he discussed Kishina Noded and Ashanti Beah, the issues that he was raising with them during the phone call, and there was nothing, that's what he should have written in the motion. He should have put in a liner to say, Mr. Noded asserts that Kishina Noded and Ashanti Beah are critical to his case. That's not the case here. It's rebutted. That's pretty much what he had to do, but he didn't do it. So we have to assume, especially where the 251C certificate is rebutted, that he didn't actually review this, or otherwise it would have showed up in the motion. Further, I do want to point out that, as to the second argument for Custer, Mr. Noded does object at the motion to withdraw hearing. He specifically, initially he says, yeah, I understand counsel's withdrawing, or that's what we would hear, but this is a telephone conference, and as the proceedings go on, Mr. Noded does say, all right, I kind of object. I kind of object to counsel withdrawing, and then he states that he thought that counsel was supposed to do these things for him. And that's in volume 31, pages 4 through 5. So he does object at the motion to withdraw hearing, and he continuously states that counsel didn't follow rule 651 after that. I think that's the volume of 32, and in his motion to reconsider. Unless there's any other questions. Okay. Thank you, Your Honor. Thank you, counsel. Court is adjourned.